ORIGINAL

Approved: ___J- M. Swergold/JR___
JASON M. SWERGOLD
Assistant United States Attorney

DOC # __1__

Before: HONORABLE FRANK MAAS
United States Magistrate Judge
Southern District of New York

16 MAG 4517

- - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA        :   **SEALED COMPLAINT**
                                :
        - v. -                  :   Violation of
                                :   21 U.S.C. § 846
JASON MORRISON,                 :
DONELL HICKMAN,                 :
DOVONNE ADAMS, and              :
MARLAND LINTON,                 :
                                :   COUNTIES OF OFFENSE:
                                :   BRONX
            Defendants.         :   NEW YORK
                                :
- - - - - - - - - - - - - - - x

U.S. DISTRICT COURT FILED JUL 15 2016 S.D. OF N.Y.

SOUTHERN DISTRICT OF NEW YORK, ss.:

      GERALD CUCCHIARA, being duly sworn, deposes and says that he is a Detective with the New York City Police Department, ("NYPD"), and charges as follows:

COUNT ONE
(Narcotics Conspiracy)

      1.  Beginning at least in or about May 2016 through at least in or about June 2016, in the Southern District of New York and elsewhere, JASON MORRISON, DONELL HICKMAN, DOVONNE ADAMS, and MARLAND LINTON, the defendants, and others known and unknown, intentionally and knowingly, did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

      2.  It was a part and an object of the conspiracy that JASON MORRISON, DONELL HICKMAN, DOVONNE ADAMS, and MARLAND LINTON, the defendants, and others known and unknown, would and did distribute and possess with the intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

3. The controlled substance that JASON MORRISON, DONELL HICKMAN, DOVONNE ADAMS, and MARLAND LINTON, the defendants, conspired to distribute and possess with the intent to distribute was 280 grams and more of mixtures and substances containing a detectable amount of cocaine base, in violation of Title 21, United States Code, Section 841(b)(1)(A).

(Title 21, United States Code, Section 846.)

The bases for my knowledge and the foregoing charge are, in part, as follows:

4. I am a Detective with the NYPD. This Affidavit is based upon my personal participation in the investigation, my examination of reports and records, and my conversations with other law enforcement agents and other individuals. Because this Affidavit is being submitted for the limited purpose of demonstrating probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

5. Based on my participation in the investigation, conversations with other law enforcement officers, including my conversations with an undercover officer (the "UC"), and my review of video recordings and NYPD paperwork, I have learned the following, among other things:

   a. From at least in or about March 2016 through in or about June 2016, the NYPD has been investigating JASON MORRISON, DONELL HICKMAN, DOVONNE ADAMS, and MARLAND LINTON, the defendants, for narcotics distribution in the New York area and elsewhere.

   b. As part of the investigation, the NYPD made a series of audio or video recorded undercover purchases of marijuana and cocaine base from JASON MORRISON, DONELL HICKMAN, DOVONNE ADAMS, and MARLAND LINTON, the defendants. I spoke with the UC and learned that in advance of meeting with the defendants, the UC texted with or spoke to one or more of the defendants while the UC was located in Manhattan or the Bronx. In some of the conversations, the UC told one or more of the defendants that the UC was in Manhattan and asked that they come to Manhattan to complete the sale. In addition, on at least one occasion, the UC discussed with one of the defendants during an

undercover narcotics purchase the possibility of future narcotics deal in Manhattan.

        c.  I spoke with the UC and learned that, on or about April 4, 2016, the UC sent a text message to MORRISON, in which the UC told MORRISON that he was looking to purchase the "sour." Based on my training and experience and involvement in this investigation, I know that "sour" is a term for marijuana. In response, MORRISON told the UC, in substance and in part, to come to 775 Hancock Street (the "Hancock Location") in Brooklyn. When the UC arrived at the Hancock Location, he was met by MORRISON, who gave the UC two zip lock bags of a green, leafy substance in exchange for approximately $100 in prerecorded buy money. I performed a field test on the green, leafy substance, and learned that the substance tested positive for marijuana.

        d.  I spoke with the UC and learned that on or about May 4, 2016, the UC met with MORRISON at the Hancock Location. During the meeting, MORRISON told the UC, in substance and in part, that he had marijuana in his apartment and was calling "his man" to bring the "hard." Based on my training and experience and my involvement in this investigation, I know that "hard" is a term for cocaine base, also known as crack cocaine. MORRISON then went into his apartment, and returned a short time later, accompanied by HICKMAN. MORRISON sold the UC one zip lock bag of a green, leafy substance in exchange for approximately $160, and HICKMAN sold the UC approximately three grams of a white, rocky substance in exchange for approximately $320. I performed field tests on the green, leafy substance, and the white, rocky substance, and learned that the substances tested positive for marijuana and cocaine base, respectively.

        e.  I spoke with the UC and learned that on or about May 26, 2016, the UC met with HICKMAN at the Hancock Location. After the UC arrived, HICKMAN got into the UC's car and told the UC, in substance and in part, that he needed to wait for his friend to bring the "hard." The UC gave HICKMAN approximately $1500 and HICKMAN exited the car. NYPD officers conducting surveillance observed HICKMAN meet up with an individual, later identified as ADAMS, who was waiting nearby. After meeting with ADAMS, HICKMAN returned to the UC's car and gave the UC a bag of a white, rocky substance, which based on his training and experience, the UC believed was crack cocaine. I have reviewed a report prepared by the NYPD Laboratory, and learned that the white, rocky substance tested positive for approximately 27 grams of cocaine.

     f. I spoke with the UC and learned that on or about June 27, 2016, the UC met with MORRISON at the Hancock Location. When the UC arrived, MORRISON told the UC, in substance and in part, to drive to 391 Decatur Street (the "Decatur Location") in Brooklyn, where they would meet MORRISON's friend to retrieve the drugs. After arriving at the Decatur Location, the UC gave MORRISON approximately $3,000 in prerecorded buy money – that is, money that the NYPD had previously photocopied and with serial numbers that the NYPD had previously recorded -- and MORRISON exited the UC's car and approached an individual, later identified as LINTON. MORRISON handed LINTON the prerecorded buy money from the UC, and LINTON handed MORRISON several items. MORRISON then returned to the car and gave the UC one zip lock bag of a green, leafy substance, and two bags of a white, rocky substance, which based on his training and experience, the UC believed to be cocaine base. I have reviewed a report prepared by the NYPD Laboratory, and learned that the green, leafy substance tested positive for marijuana, and the white, rocky substance tested positive for approximately 53 grams of cocaine.

    6. As part of my investigation, I have reviewed NYPD Controlled Substance Laboratory Reports prepared with reference to the bags of suspected marijuana and cocaine base that were purchased from JASON MORRISON, DONELL HICKMAN, DOVONNE ADAMS, and MARLAND LINTON, the defendants. From my review of these reports, I have learned that the defendants sold the UC at least 200 grams of mixtures and substances containing a detectable amount of marijuana, and 280 grams and more of mixtures and substances containing a detectable amount of cocaine base.[1]

---

[1] During the undercover purchases of cocaine base, the UC asked one or more of the defendants for cocaine base and, in turn, the defendants provided the UC with a white rocky substance that I believe to be, based on my training and experience, cocaine base. The NYPD laboratory reports show, among other things, that all of the alleged cocaine base contains detectable amounts of cocaine. Based on my training and experience, I know that cocaine base, when tested, contains detectable amounts of cocaine.

4

WHEREFORE, the deponent respectfully requests that warrants be issued for the arrest of JASON MORRISON, DONELL HICKMAN, DOVONNE ADAMS, and MARLAND LINTON, the defendants, and that they be arrested and imprisoned or bailed, as the case may be.

_____
GERALD CUCCHIARA
Detective, NYPD

Sworn to before me this
15th day of July, 2016

_____
HONORABLE FRANK MAAS
United States Magistrate Judge
Southern District of New York